Froessel, J. (dissenting).
All the members of the Appellate Division as well as of this court are agreed that the determination of guilt be confirmed, but there is disagreement as to the punishment. We do not see how it may reasonably be said that when a trusted employee is found guilty of stealing sums of money, though they be small in amount, as here, respondents have abused their discretion in discharging her. By the determination below, they must retain in the civil service one who has been found guilty of such criminal misconduct.
We had no hesitancy, in Matter of Douglas v. New York State Thruway Auth. (6 NY 2d 721), in affirming an order of the Appellate Division which confirmed a determination of the New York State Thruway Authority dismissing petitioner for misconduct for having misappropriated several 50-cent tolls. Yet here the majority say that similar discipline meted out by respondents is an abuse of discretion. This undermines the right of an administrative agency to discipline misconduct as authorized by law, and in our judgment will impair the high standards required of our civil servants.
Moreover, subdivision 5-a of section 1296 of the Civil Practice Act (enacted as L. 1955, ch. 661) does not authorize the Appellate Division to fix punishment even in a case where it rightly believes the punishment imposed is excessive (Matter of Stolz v. Board of Regents, 4 A D 2d 361; Matter of Leavitt v. Board of Regents, 9 A D 2d 987). In the plainest of language the statute provides that the Appellate Division may determine only “ Whether the respondent abused his discretion in imposing the measure of punishment ”. (Emphasis supplied.) It may not substitute its own judgment for that of the adminis *44 trative agency in the fixation of punishment. Where appeals are taken from the determination of a trial court, the Appellate Division may well exercise many of the powers of such court, but it may not appropriate to itself the powers of an administrative agency, even with respect to the measure of punishment. It may by way of review determine only whether the agency has abused its discretion, and if it finds such an abuse it must remit the matter to the agency for its proper redetermination.
Finally, there is no warrant whatsover for the Appellate Division’s substitution of a six months’ suspension of petitioner. Our courts can have no greater power, when it comes to the question of punishment, than has the administrative agency itself. The law is clear, and they are governed by precisely the same statute. Subdivision 3 of section 75 of the Civil Service Law provides that where an “ employee is found guilty of the charges, the penalty or punishment may consist of a reprimand, a fine not to exceed one hundred dollars * * *, suspension without pay for a period of not exceeding two months, demotion in grade and title, or dismissal from the service ” (emphasis supplied). Suspending petitioner for six months was clearly unauthorized by any statute and has no warrant in law.
We would reverse the Appellate Division and confirm the respondents’ determination in all respects, without costs.
Judges Dye, Fuld, Van Voorhis and Burke concur with Chief Judge Desmond ; Judge Froessel dissents in an opinion in which Judge Foster concurs.
Order affirmed.